UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MILES SAGE,

              Plaintiff,            CIVIL ACTION NO.: 3:20-cv-609

v.

CAPITAL ONE BANK, N.A.,

Serve: c/o Corporation Service Company
      100 Shockoe Slip, Fl. 2
      Richmond, VA 23219

      Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Miles Sage ("Plaintiff" or "Mr. Sage"), by and through his attorneys, alleges the following against Defendant, Capital One Bank (USA), N.A. ("Capital One" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (FCC).

## JURISDICTION AND VENUE

2. Jurisdiction of the court arises under 28 U.S.C. §§1331 and 47 U.S.C. §227.

3. Federal question jurisdiction exists because Capital One's conduct violates Ms. Hruby's rights under the TCPA, a federal statute.

4. Capital One's decisions regarding the credit cards at issue are made in Virginia.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that Capital One resides in the Eastern District of Virginia.

6. Capital One has a principal place of business within the geographic boundaries of the Richmond Division of the Eastern District of Virginia. Therefore, personal jurisdiction and venue are established.

## PARTIES

7. Mr. Sage is a natural person residing in Washington County, Utah.

8. Capital One is a creditor with a principal place of business and registered agent located in Richmond, Virginia.

9. Capital One acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect one or more alleged debts from Mr. Sage, originating from a BuyPower World Elite Mastercard.

11. Capital One's MasterCard credit card service agreement contains a choice of law provision that provides that the decision to grant credit is made in Capital One's Virginia offices and is governed by Virginia and federal law.

12. In or around January 2020, Capital One began calling Mr. Sage's cellular phone number ending in 6370.

13. On or about January 17, 2020, at approximately 2:13 p.m., Mr. Sage received a call on his cell phone from (800) 955-6600; Mr. Sage noticed a series of beeps, tones or clicks and an unusually long delay before Defendant's agents began to speak, consistent with the use of an automated telephone dialing system.

14. During this conversation, Mr. Sage spoke with a representative who indicated that Defendant was attempting to collect a debt.

15. Mr. Sage informed the representative that he could not afford the payment and that Capital One should contact with him by mail.

16. Despite Mr. Sage's revocation of consent to be called, Defendant began an automated campaign of harassing debt collection calls to Mr. Sage's cell phone.

17. The calls mainly originated from (800) 955-6600, which, upon information or belief, owned or operated by Defendant.

18. Between January 17 and May 21, 2020, Defendant called Mr. Sage on his cellular phone approximately one hundred and sixty (160) times after Mr. Sage revoked consent to be called.

19. Defendant called Mr. Sage almost every day, including the weekends.

20. Defendant called Mr. Sage multiple times a day on a regular basis.

21. Upon information and belief, Defendant also called or texted, or attempted to call or text friends and family of Mr. Sage with the intention that they would communicate to Mr. Sage that Defendant was attempting to collect a debt from him,

causing Mr. Sage additional embarrassment and distress.

22. Upon information and belief, Defendant called Mr. Sage and delivered prerecorded or artificial voice messages.

23. Upon information and belief, Defendant's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

24. Defendant's conduct was especially unreasonable because it called relentlessly shortly after Mr. Sage had explained the reason why he did not have money to repay and expressly revoked consent to be called.

25. Defendant's conduct was not only knowing and willful but was done with the intention of causing Mr. Sage such distress, so as to induce him to pay the debt.

26. The frequency and methodology of Capital One's calls could reasonably be expected to harass Mr. Sage.

27. Capital One's conduct was highly offensive, oppressive and outrageous, and exceeded reasonable collection efforts. Capital One's conduct was especially unreasonable because shortly after Mr. Sage explained he could not pay, a situation that could not be resolved in such a short time, Capital One called Mr. Sage relentlessly.

28. Each and every one of Defendant's telephone calls caused Mr. Sage distraction and temporary loss of use of his telephone line.

29. As a result of Defendant's conduct, Mr. Sage has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, severe emotional and mental pain and anguish.

## COUNT I
**Violations of the TCPA, 47 U.S.C. §227**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

> a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.
>
> b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Mr. Sage on his cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

32. As a result of Defendant's violations of 47 U.S.C. §227, Mr. Sage is entitled to declaratory judgment that Defendant's conduct violated the TCPA, and an award of

five hundred dollars ($500.00) in statutory damages for each and every negligent violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Mr. Sage is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Miles Sage respectfully requests judgment be entered against Defendant Capital One Bank (USA), N.A. for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Miles Sage hereby demands a trial by jury of all issues triable by jury.

                                                    Respectfully submitted,

                                                    **MILES SAGE**

Dated: August 7, 2020                    By:      */s/*
                                                    Susan M. Rotkis (VSB: 40693)
                                                    PRICE LAW GROUP, APC
                                                    382 S. Convent Ave.
                                                    Tucson, AZ 85701
                                                    T: (818) 600-5533
                                                    F: (818) 600-5433
                                                    E: susan@pricelawgroup.com
                                                    *Attorneys for Plaintiff,*
                                                    *Miles Sage*